25490. RUTHERFORD *v.* STATE.

DECIDED DECEMBER 4, 1936.

*J. L. Wallace, W. B. Mebane,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

GUERRY, J. W. E. Rutherford was convicted of robbery. His motion for new trial was overruled, and he excepted. The only reason urged why a new trial should be granted is that the court, in giving the definition of robbery, charged the jury in the language of the Code, § 26-2501, thereby omitting to tell the jury that the taking must have been with an intent to steal. The Supreme Court in answer to certified questions in this case stated: "An indictment for robbery in the language of the definition of this offense as given in the Code is not subject to demurrer because it fails to allege in specific terms that the taking was with intent to steal, the word 'fraudulent' as used in such definition implying an intent to steal. But upon the trial of one charged with robbery, a charge by the court to the jury in the language of the statute is not a sufficient definition for the guidance of the jury. Whether or not the failure of the court to charge in regard to intent to steal may be held reversible error will depend upon the circumstances of the particular case, including the issues developed upon the trial, . . and the defendant's statement, if any." In the present case the State made out a case of robbery by force and intimidation. The defendant, in his statement to the jury or by evidence introduced before the jury, did not dispute the fact that such a robbery had occurred, but instead set up an alibi, and that he was not the man identified by the prosecutor. In such a case the error in failing to charge the jury that in order to make

out the offense of robbery the taking must have been "with an intent to steal" is harmless, and is not reversible error. See *Thomas* v. *State,* ante. The evidence demanded a finding that a robbery with all its essential elements had been committed, and the jury found against the defense of alibi. The verdict was supported by the evidence, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*